**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4471**

UNITED STATES OF AMERICA

Plaintiff – Appellee,

v.

TREADWAY LEVON MANNING

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Cameron McGowan Currie, Senior District Judge.  (4:97-cr-00323-CMC-1)

Argued:  September 22, 2023                    Decided:  February 21, 2024

Before NIEMEYER, THACKER, and BENJAMIN, Circuit Judges.

Affirmed by unpublished opinion.  Judge Benjamin wrote the opinion, in which Judge Niemeyer and Judge Thacker joined.

ARGUED:  James Arthur Brown, Jr., LAW OFFICE OF JIM BROWN, PA, Beaufort, South Carolina, for Appellant.  Brook Bowers Andrews, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.  ON BRIEF: Corey F. Ellis, United States Attorney, Columbia, South Carolina, Derek A. Shoemake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

DEANDREA GIST BENJAMIN, Circuit Judge:

Treadway Levon Manning is challenging his conviction for the fourth time. In 1997, Manning was convicted of two counts of possession of a firearm by a felon (Counts 1 and 4), one count of using and carrying a firearm during a crime of violence (Count 2), and obstruction of commerce by armed robbery (Count 3).

The present challenge is an appeal from the district court's latest resentencing. In 2021, a panel of this Court vacated Count 2, affirmed the reasonableness of the sentence for Counts 1, 3, and 4, and remanded for resentencing "consistent with [the] opinion." *United States v. Manning*, 841 F. App'x 541, 542 (4th Cir. 2021) (*Manning II*). During resentencing, Manning attempted to challenge the Presentence Report (PSR), arguing that his conviction to Counts 1 and 4 were unlawful under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The district court determined that the mandate rule—a rule that limits what a lower court has the power to do on remand— applied, and thus it did not have authority to hear challenges to convictions because the Fourth Circuit issued a limited remand. Relevant here, the court resentenced Manning to 120 months' imprisonment for Counts 1 and 4, to run consecutively.

Manning now argues that the district court erred by misconstruing the mandate on remand and issuing consecutive sentences on Counts 1 and 4 because the convictions suffer from a multiplicity error. We agree with the district court and hold that the mandate rule applies and barred consideration of the PSR challenge. Additionally, we find that the mandate rule bars Manning's multiplicity challenge. Therefore, we affirm the district court.

3

I.

A.

The underlying facts of this case are memorialized in a prior panel's resolution of Manning's direct appeal. *See United States v. Manning*, 232 F.3d 891 (table) (4th Cir. 2000). In short, Manning lurked outside of a liquor store in Marion, South Carolina, on January 14, 1997. A 72-year-old store clerk closed the store at 7:00pm and walked towards his car, but before he arrived Manning approached the clerk from behind and told him to "give it up." *Id.* at 1. The clerk pulled out a pistol and fired two shots, but both missed Manning. Manning returned fire and a bullet hit the clerk in the stomach. Manning then fled the scene. Ten days later, after being implicated in an unrelated crime, Manning was arrested in a traffic stop. The arresting officers seized a loaded handgun and suspected cocaine from Manning's person during the arrest. He waived his *Miranda* rights and confessed to the liquor store shooting. He was ultimately convicted of possession of a firearm as a felon during the liquor store robbery, in violation of 18 U.S.C. § 922(g) (Count 1), using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2), attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 3), and possession of a firearm as a felon during his arrest, in violation of 18 U.S.C. § 922(g) (Count 4). He was initially sentenced to two life terms for Counts 1 and 4, 240 months' imprisonment for Count 3, concurrent, and 60 months' imprisonment for Count 2, consecutive.

Manning's attacks on his convictions and sentences span multiple decades. This Court affirmed his conviction on direct appeal in 2000 and affirmed the denial of his first

4

habeas petition in 2005, *see United States v. Manning*, 129 F. App'x 752 (4th Cir. 2005). Then, in 2016, a panel of this Court granted a second and successive habeas petition, and the district court granted resentencing based on intervening caselaw. J.A. 192–194. At the 2016 resentencing, the court rejected Manning's argument that the Government failed to establish a predicate for Count 2. Manning was resentenced to 120 months' imprisonment each for Counts 1 and 4, 60 months' imprisonment for Count 2, and 240 months' imprisonment for Count 3, all to run consecutively. Pertinent here, the court noted at the 2016 sentencing hearing that Counts 1 and 4 involved different weapons: "[t]hey were not the same weapon. They were two different weapons that are involved here, two different days that involved here with these counts. So that it's not double-counting for two guns . . . ." J.A. 236. Manning appealed and challenged whether the sentences for Counts 1, 3, and 4 were procedurally and substantively reasonable, and whether the Government had established the necessary predicate to convict under Count 2.

B.

In 2021, a panel of this Court heard Manning's appeal and reversed in part, vacated and remanded in part, and affirmed in part. *Manning II*, 841 F. App'x 541. The panel first addressed Count 2. It found that the Government did not make the predicate showing for conviction and ultimately "reverse[d] the district court's denial of Manning's motion to vacate his § 924(c) conviction, vacate[d] the § 924(c) conviction, and *remand[ed] for resentencing consistent with this opinion.*" *Id.* at 542 (emphasis added). Next, the panel assessed the reasonableness of the remaining Counts. It "affirm[ed] the district court's

5

amended judgment as to the claims challenging the calculation of Manning's advisory Guidelines range for Counts 1, 3, and 4." *Id.* at 543.

On remand, Manning, acting *pro se*, challenged the PSR as to Counts 1 and 4. He argued that under *Rehaif*, the Government did not show a necessary element for conviction under § 922(g). *See Rehaif*, 139 S. Ct. at 2196 (holding that to convict under § 922(g), the government must "establish that the defendant knew he violated the material elements of § 922(g)"); J.A. 255. The district court denied the objection, finding that "challenges to convictions are barred by the mandate rule," and that the "*Rehaif* challenge is not going to be considered in this resentencing because of the mandate rule." J.A. 330. The district court again sentenced Manning to 120 months' imprisonment for Counts 1 and 4, to run consecutively.

C.

Manning now appeals and argues that the district court erred in its interpretation of the *Manning II* mandate, and subsequently erred by sentencing him to consecutive imprisonment terms for Counts 1 and 4. He asserts that the convictions and ensuing sentences amounts to multiplicity, or impermissible stacking of punishment for a single unit of illegal possession. *See United States v. Colton*, 231 F.3d 890, 908 (4th Cir. 2000) ("Multiplicity involves 'charging a single offense in more than one count in an indictment.'"). The remedy for an erroneous conviction on multiplicity grounds is to keep only one of the multiplicity charges and vacate the rest. *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993). Thus, Manning argues, the district court's consecutive sentences for the allegedly stacked counts amounts to legal error. The Government

6

responds that the sentencing court was correct to invoke the mandate rule based on *Manning II*'s limited remand for resentencing.

We begin with the threshold question: the scope of the district court's authority following *Manning II*'s remand.

## II.

We have jurisdiction to hear this appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. "We review de novo the district court's interpretation of the mandate." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012).

### A.

"The mandate rule governs what issues the lower court is permitted to consider on remand." *Id.* It holds that when an appellate court remands a case, the district court is generally prohibited from relitigating "issues expressly or impliedly decided by the appellate court. In addition, the rule forecloses litigation of issues decided by the district court but foregone on appeal . . . ." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). *See also Juniper v. Davis*, 74 F.4th 196, 207 n.9 (4th Cir. 2023). The application of the mandate rule depends on the scope of the appellate court's remand. "[W]here an appellate court sets aside a defendant's entire sentence and remands for a *de novo* resentencing pursuant to a general mandate, the district court on resentencing is not bound by its prior consideration of the case." *Susi*, 674 F.3d at 284 (cleaned up). When the appellate court's remand is limited, in contrast, the district court only has authority to reopen the case pursuant to the scope of the appellate court's instructions. *See generally id.* at 283.

7

In *Susi*, the district court determined that it could not re-open the sentencing guidelines on remand because this Court had already determined that the guidelines were properly calculated. *Susi*, 674 F.3d at 283. The government appealed and argued that the remanding opinion vacated the entire sentence on appeal, so the defendant was entitled to a de novo sentencing hearing. *Id.* This Court applied the mandate rule and affirmed the district court, finding that "[t]he language of the mandate, although vacating the sentence in its entirety, was limited only to 'resentencing consistent with [the] opinion.'" *Id.* Accordingly, the remand was limited in scope and "[p]roceedings 'consistent with [the] opinion' thus would in no way require recalculation of an established 'properly calculated advisory Guideline range.'" *Id.* at 284.

Manning argues that *Susi* does not apply because the sentencing package doctrine revealed in *Ventura* supersedes the mandate rule. *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017). We disagree. *Ventura*, stated that "when a court of appeals vacates a sentence and remands for resentencing, the sentence becomes void in its entirety and the district court is free to revisit any rulings it made at the initial sentencing." *Id.* (cleaned up). In essence, the Court recognized that a district court may craft a sentence to conform to an overall plan. So, if an appellate court vacates a portion of the sentence, the sentencing court may review what remains and make adjustments in light of its original sentencing plan. *See id.*

The sentencing package doctrine does not supersede the mandate rule; it merely modifies it. *Ventura* gives district courts the option to review the total sentence to ensure compliance with the "overall plan." *Id.* We do not require a lower court to entertain new

8

arguments. In the case at bar, the court resentenced Manning to identical sentences for Counts 1 and 4 as the ones previously affirmed by this Court. *Manning II*, 841 F. App'x at 543*; see also* J.A. 454 (filed under seal), J.A. 238 (2016 PSR establishing 235–293-month imprisonment guideline for Counts 1 and 4, and the court sentencing Manning to 120 months' imprisonment for Counts 1 and 4, to run consecutively), J.A. 501 (filed under seal), J.A. 373 (2021 PSR establishing 235–293 month imprisonment guideline, and the court sentencing Manning to 120 months' imprisonment for Counts 1 and 4, to run consecutively). This supports the conclusion that the court's "original plan" was undisturbed and there was therefore no reason for the court to entertain new arguments. 864 F.3d at 309.

Further, like *Susi*, the remanding court in *Manning II* explicitly "remand[ed] for sentencing consistent with [the] opinion." 841 F. App'x at 542. The opinion's limited holdings were two-fold: (1) Count 2 is vacated and (2) the sentences for Counts 1, 3, and 4 are reasonable. *Id.* at 542–43. The remand was "limited in scope" and did not include challenges to convictions. *Susi*, 674 F.3d at 283. "Proceedings 'consistent with [the] opinion' thus would in no way require" considering the validity of a previously unchallenged conviction. *Id.* at 284.

Accordingly, we hold that the district court was correct in applying the mandate rule.

## C.

Manning next encourages us to address the merits of his multiplicity challenge. He argues that Counts 1 and 4 punish the same conduct, and consecutive sentences for the

same conduct amounts to legal error.* We reject his invitation and instead hold that the mandate rule forecloses its consideration. *Bell*, 5 F.3d at 66 (holding the mandate rule "forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived.")

In the 2016 sentencing hearing, the district court directly considered and decided that Counts 1 and 4 did not suffer from a multiplicity error. J.A. 236. By failing to appeal that finding in his subsequent appeal to this court, Manning has waived the argument.

## III.

The district court properly concluded that the mandate rule applied, and the court was prohibited from considering any argument outside the scope of our remand. Therefore, we affirm the district court's interpretation of the mandate and decline to address the merits of this appeal.

*AFFIRMED*.

---

* Manning asks us to adopt our sister circuits' view that a conviction under § 922(g) is a continuing offense. *See United States v. Benjamin*, 711 F.3d 371, 378 (3d Cir. 2013) (collecting cases). Such a holding would establish a burden on the government to prove both actual and constructive interruption in the defendant's possession of the firearm if the prosecution wishes to charge multiple counts of a violation under § 922(g). Our circuit has never addressed this issue, and we decline to do so today.